Tbe opinion of tbe Court was delivered by
Glover, J.
Tbe several points made will be considered in tbe order in wbicb tbey arise out of tbe grounds of appeal.
1. Tbe defendant’s confession endorsed on tbe process was introduced in evidence, and it is objected, tbat tbis is not tbe judgment witbin tbe summary process jurisdiction, unless it be entered on tbe journal of tbe Court, and tbat sucb entry is tbe only judgment. Tbe authorities relied upon do not sustain tbis position in tbe terms in wbicb it is stated. According to tbe practice of tbis Court, tbe clerk is required to enter sucb cases as are beard by tbe judge without tbe intervention of tbe jury, and not cases by confession, (McCall vs. Boatwright, 2 Hill, 438,) and sucb a distinction is well founded. In tbe former case, only tbe result is briefly stated by tbe judge on tbe docket, wbicb would be a very imperfect memorial of a judgment; whereas, tbe defendant’s confession on tbe record is tbe act of tbe party specifying tbe amount and nature of bis indebtedness. If an entry on tbe journal be tbe only judgment witbin tbe summary process jurisdiction, (and in tbis unqualified language tbe position was taken,) it follows, tbat no judgment by confession in tbat jurisdiction, can be obtained, except during term time, as tbe clerk is not authorized to make sucb entry between terms; and as creditors whose debts exceed tbe process jurisdiction may enter up their judgments, immediately, upon a cognovit actionem, an undue advantage would thereby be secured to them. (Union Bank vs. Magrath, 2 Speer, 202.) Tbe clerk’s entries, referred to in McCall vs. Boatwright, are now regulated by statute. *401 Tbe eigbtb section of the Act of 1839, (11 Stat. 71,) specifies the yarious entries wbicb tlie Common Pleas Journal shall contain, and, among others, mentions decrees upon trial before jury or judge, or by default, and confessions during Court.
2. The second ground is, because the sheriff did not advertise the land twenty-one days as the law directs. An examination of the cases respecting the computation of time, justifies the remark of Lord Mansfield, “that much more subtlety than argument has been used to mark a difference in reference to time.” (Pugh vs. Leeds, 1 Cows 715.) The general inclination of the Court is to include or exclude the day in 'the computation, so as to effectuate the deeds of the parties, and not to destroy them. (Williamson vs. Farrow, 1 Bail. 611.) Applying this rule and including the day, effect will be given to the sheriff’s conveyance. But can a defendant in execution, who continues in possession of the land after a sale by the sheriff, avail himself of this objection in a suit against him by the purchaser? In O'Neall vs. Duncan, (4 McC. 246,) it was held, that the title of the sheriff^ who is the organ of the law to convey the defendant’s right, is the deed of the defendant, and that it operates as an estoppel. He cannot show that the title was not in himself, and that he held as the tenant of another; nor should he be permitted, where no fraud is imputed to the sheriff’ to aver against the deed because of an alleged official neglect, depending upon a subtle computation of time.
3. The third position taken, embracing the third and fourth grounds, is, that the facts proved constitute fraud, which is a question of law, and that the judge should have so instructed the jury. There may be circumstances constituting badges of fraud which are conclusive and admit of no explanation, and in such cases the jury should be instructed that they are incapable of explanation. It is not perceived that the circum *402 stances, in tbis case, conclusively established fraud, or that the fair or fraudulent character of the transaction should not have been submitted to the determination of the jury. That the plaintiff bid by an agent; that he misrepresented'the quality, value, and number of acres, and that the biddings were thereby chilled, were circumstances not conclusive of the party’s conduct, and admitted of explanation, and any doubts which were created by the evidence the jury must resolve.
The other grounds were not earnestly pressed, and only a brief examination of them will be necessary.
5. Debtors in execution do not generally furnish the sheriff such indicia as will enable him to describe real estate with certainty in his levy; and if, from information received after the levy and sale, he shall more particularly identify the land, the difference between the description in his levy and that in his deed will not defeat the latter. Where the fact of a levy on property is established, a strict conformity between the levy and conveyance, in the description, is not necessary, and for the purpose of ascertaining what land was levied on and sold, we must look to the sheriff’s deed. Without a legal levy the sale would be unauthorized and the deed void ; but where the levy is fully recited in the sheriff’s deed, may the defendant in execution who continues in possesssion be allowed to aver against the deed of the sheriff, who, pro hac vice, is by law made hi's agent to convey the land ? (O’Neall and Duncan, ante, and Sawyer vs. Leard, 8 Rich. 267.) If the description of the land endorsed on the execution differed from that in the deed, there was no evidence showing that it was not the same land.
6. A verdict may be aided by the description in the plat or declaration, and by reference to them or by its own terms, designate the land the jury intend to find. {Jones vs. Owens, 5 *403 Strob. 134.) In a conveyance land may be described by tbe name of tbe owner or occupant, and “tbe land on wbicb the defendant lives” is generally sufficiently definite to enable tbe plaintiff to take possession.
7. In actions of trespass to. try titles, tbe requirement of tbe Act is not imperative that a survey shall be made to identify tbe locus in quo, and other evidence may be introduced for that purpose. (Frean vs. Cruikshank, 3 McC. 84; Thomas and al. vs. Jeter and al, 1 Hill, 380.) In this case a witness verified tbe description given of tbe land in tbe sheriff’s deed, by proof of boundaries, and, to some extent, superseded a survey.
8. It will not be necessary to consider, whether a sale of tbe defendant’s residence was contrary to tbe Homestead Act of 1851, (11 Stat. 85,) and, therefore, illegal; as tbe cause of action in one or more of tbe other cases against tbe defendant, and on wbicb tbe levy of this land was endorsed, arose prior to tbe passage of tbe Act. It may, however, admit of doubt if tbe defendant can avail himself of tbe benefit of that Act after tbe levy and sale of bis domicil and a conveyance to tbe purchaser, without having taken any steps to make' out tbe fifty acres wbicb are exempted from levy and sale.
We are, therefore, of tbe opinion, that tbe appellant can take nothing by bis motion. ‘
Motion dismissed.
O’Neall, Whitíter and Muitro, JJ., concurred.

Motion dismissed.